UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE CARPENTERS
PENSION TRUST FUND – DETROIT
& VICINITY,

       Plaintiffs,

v.
       Case No. 10-10885
       Honorable Patrick J. Duggan

DEBORAH LAMBRIX-CARTER and
BARBARA LAMBRIX,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF TO STAY STATE COURT EVIDENTIARY HEARING

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 15, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On March 4, 2010, Plaintiffs filed this action against Defendants seeking to clarify the latter's rights to survivorship benefits from the Carpenters Pension Trust Fund – Detroit & Vicinity ("Fund"). Plaintiffs are Trustees of the Fund, which merged with the Resilient Floor Decorators Pension Plan effective May 1, 2002. Defendants are Deborah Lambrix-Carter and Barbara Lambrix, respectively the first and second wife of the late Lynnwood Lambrix who was a participant in the Resilient Floor Decorators Pension Plan.

Presently before the Court is Plaintiffs' Motion for Injunctive Relief to Stay State Court Evidentiary Hearing, filed March 5, 2010. Defendant Deborah Lambrix-Carter

filed a response to the motion on March 12, 2010. The Fund filed a reply on March 15, 2010. The Court concludes that a hearing will not aid in its disposition of the Fund's motion and, therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

**Background**

On June 25, 1997, in the Circuit Court for the County of Monroe, Michigan, a "Qualified Domestic Relations Order" was entered in the proceedings terminating the marriage between Lynnwood Lambrix ("Lynnwood") and Deborah Lambrix-Carter (then Deborah Lambrix) ("Deborah"). (Compl. Ex. 1.) The order assigned to Deborah "thirty three and one third (33 1/3%) percent of the value of the Plaintiff/Husband's Resilient Floor Cover Pension Plan, Local 2265 as of the date of May 22, 1996." (*Id*. § 4.) On October 1, 1997, the Fund began paying Deborah $1,058.55 per month pursuant to the order. (Compl. ¶ 7.)

On February 11, 1998, Lynnwood completed a form entitled "Election of Husband and Wife Pension Option" on which he selected the "50% Husband and Wife Pension Option." (Compl. Ex. 2.) This option provides, in part:

> I understand that I shall receive a reduced amount of monthly installments during my remaining lifetime and if my death shall occur before the death of my present spouse, payments equal to 50% of my reduced monthly benefit shall be paid to her/him for the remainder of her/his life. . . .

(*Id*.) Barbara, Lynnwood's second wife, was identified as his spouse on this form. (*Id*.)

The Fund sent a letter to Deborah on January 7, 2004, informing her that its

payment of benefits to her would cease upon Lynnwood's death. (Mot. Ex. 5.) Lynnwood died in February 2007. Benefit payments to Deborah thereafter ceased.

In late October 2009, Deborah filed a motion in the state divorce action, seeking an order to show cause why the Fund should not be held in contempt for failing to continue paying her pursuant to the June 25, 1997 domestic relations order. On December 15, 2009, Monroe County Circuit Court Judge Michael A. Weipert issued an order finding that Deborah was awarded survivorship rights and benefits pursuant to that order. (Compl. Ex. 3.) Judge Weipert issued an order on the same date, scheduling an evidentiary hearing to determine Deborah's actual pension benefit. (*Id*. Ex. 4.)

On or about February 5, 2010, the Fund filed a motion to intervene as a matter of right in the state court proceedings. (Mot. Ex. 6.) According to the Fund, that motion was denied on February 17, 2010. The Fund thereafter initiated this action.

In the first count of its Complaint, the Fund seeks a declaratory judgment that Deborah has no claim to survivorship benefits because any claim is barred by the three year statute of limitations set forth in the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(2). In the second count of its Complaint, the Fund seeks a declaratory judgment that the June 25, 1997 and December 15, 2009 state court orders and any future state court order awarding survivor benefits in excess of those calculated by the Fund are not Qualified Domestic Relations Orders pursuant to Section 206(d) of ERISA, 29 U.S.C. § 1056(d). In the third count of its Complaint, the Fund seeks a declaratory judgment as to the proper amount of survivor benefits that it must pay

3

Deborah and Barbara (if anything to the former). Finally, in count four of the Complaint, the Fund asserts an unjust enrichment claim against Deborah. In addition to declaratory relief, in each count of the Complaint the Fund requests an injunction temporarily, preliminarily, and permanently staying the state court evidentiary hearing.

**Preliminary Injunction Motion**

In its pending motion, the Fund contends that, "[t]o the extent that the June 25, 1997 domestic relations order and December 15, 2009 court order regarding [Deborah's] rights award survivor benefits on top of the portion already paid to [her], these orders provide forms of benefits and increased actuarial benefits in violation of ERISA and do not constitute Qualified Domestic Relations Orders." (Mot. ¶ 4.) The Fund further argues that any claim for benefits Deborah would have against the Fund is barred by ERISA's three year statute of limitations. The Fund maintains that it and its participants will suffer irreparable harm if it is ordered to pay forms of benefits and increased actuarial benefits in violation of ERISA. The Fund therefore asks the Court to enjoin the state court evidentiary hearing.

**Analysis**

28 U.S.C. § 2283, the Anti-Injunction Act, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The United States Supreme Court has advised in several decisions that

4

"the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of three specifically defined exceptions." *See, e.g., Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630-31, 97 S. Ct. 2881, 2886 (1977). "These three exceptions, embedded within the statute's text, permit injunctions against state court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004) (citing 28 U.S.C. § 2283). The exceptions are to be narrowly construed. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S. Ct. 1684, 1689 (1988).

The Anti-Injunction Act's second and third exceptions are not applicable in the present case. As the Sixth Circuit has provided, "[c]ourts have applied th[e] second exception in only two scenarios: where the case is removed from the state court and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does." *Martingale*, 361 F.3d at 302. Neither scenario applies here. An injunction only is necessary "to protect or effectuate [the federal court's] judgments" where there has been a prior federal court decision on the matter. *Id*. at 303.

Turning to the first exception, it is not necessary for an Act of Congress to refer specifically to the Anti-Injunction Act in order to provide an express authorization for a district court to enjoin a state court proceeding. *See Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980); *see also Mitchum v. Foster*, 407 U.S. 225, 237, 92 S. Ct. 2151,

5

2159 (1972). "The test, rather, is whether an Act of Congress clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." *Mitchum*, 407 U.S. at 238, 92 S. Ct. at 2160. Applying this test, the Sixth Circuit Court of Appeals has held that Congress, in enacting ERISA, expressly authorized injunctions against state court proceedings when "a district court finds that an action in a state court will have the effect of making it impossible for a fiduciary of a pension plan to carry out its responsibilities under ERISA, . . ." *Buha*, 623 F.2d at 459.

In *Buha*, the defendant (David Buha) obtained a state court judgment against Walter Kinsky and his wife in a tort action. When the judgment was not paid, Buha instituted post-judgment garnishment procedures and a writ of garnishment was served on the trustee of a General Motors Corporation pension fund. When the trustee filed a disclosure indicating no liability to Kinsky, Buha demanded an examination of the garnishee and the matter was set for a hearing in state court. General Motors then filed an action in federal district court seeking to restrain enforcement of the writ of garnishment. The district court entered an order enjoining Buha and the state court from enforcing or attempting to enforce the writ of garnishment.

The Sixth Circuit affirmed in part and reversed in part. First, the court concluded that ERISA satisfies both prongs of the *Mitchum* test and therefore the Anti-Injunction Act did not preclude the district court from enjoining the enforcement of the state court order. *Id*. at 459. As to the first prong of the *Mitchum* test, the Sixth Circuit concluded

6

that ERISA confers a uniquely federal right or remedy in that "[i]t contains a provision for preemption of state laws and confers exclusive jurisdiction in federal district courts for actions by a participant, beneficiary, or fiduciary 'to enjoin any act or practice which violates any provision of [the subchapter entitled "Protection of Employee Benefit Rights"] or the terms of the plan.'" *Id*. (quoting 29 U.S.C. § 1132(a)). As to the second prong, the court concluded that ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), could be given its intended scope only by enjoining enforcement of the writ of garnishment. *Id*. at 458-59. The court held, however, that the district court erred by issuing the injunction against the state court judge where the injunction against Buha, alone, "would have been effective to prevent the impermissible encroachment on the pension fund." *Id*. at 463.

In comparison to *Buha*, the Fund is not asking the Court at this point to enjoin the enforcement of the state court's orders. Instead, it is seeking to enjoin the state court evidentiary hearing, only. This Court cannot conclude that ERISA only can be given its intended scope by enjoining that hearing. There is no evidence that the state court evidentiary hearing, itself, requires the Fund to violate ERISA. Only if the state court's subsequent order requires the Fund to pay Deborah an amount contrary to the terms of the plan documents or results in increased actuarial benefits would the Fund's compliance allegedly violate ERISA. At that point, this Court can evaluate whether the state court's orders are QDROs and, if they are not, enjoin the enforcement of the orders against the Fund. As such, allowing the evidentiary hearing to proceed does not interfere with this

7

Court's ability to adjudicate the Fund's claim over which this court has exclusive jurisdiction.[1]

As in *Buha*, the courts in the two cases the Fund cites in support of its request for injunctive relief enjoined the enforcement of *orders* that would have required pension plans to violate ERISA. *AT & T Mgmt. Pension Plan v. Tucker*, 902 F. Supp. 1168 (C.D. Calif. 1995); *Devlin Graphic Indus., Inc. v. Lewis*, 2001 WL 210626 (S.D.N.Y. March 30, 2001) (unpublished opinion). Neither court enjoined the state proceedings that resulted in those orders.

In *Devlin*, the pension plan and the trustee of the plan, Joan Lewis, filed a declaratory judgment action in federal court against David Lewis, seeking a declaratory judgment that an order entered in a state court divorce and equitable distribution proceeding between Mr. and Mrs. Lewis did not constitute a QDRO within the meaning of ERISA. The plaintiffs also sought an injunction prohibiting the enforcement of the state court order. 2001 WL 210626, at *1. After reviewing the terms of the plan,[2] the

---

[1]Notably, ERISA grants federal and state courts concurrent jurisdiction over actions brought by plan participants or beneficiaries pursuant to Section 502(a)(1)(B) to enforce their rights under the terms of a plan or to clarify their rights to future benefits under a plan's terms (such as Deborah's claim to survivor benefits). *See* 29 U.S.C. § 1132(e). The federal district courts have exclusive jurisdiction of all other civil actions under Section 502 of ERISA– such as a fiduciary's action to enjoin any act or practice which violates any provision of the terms of the plan. *Id*.

[2]In the present matter, the Fund asserts in its Complaint and motion that awarding Deborah survivor benefits would require the plan to pay benefits not otherwise provided under the plan and/or increased actuarial benefits in violation of ERISA. The Fund, however, has not presented any evidence (aside from their counsel's affidavit) to support

district court concluded that the plaintiffs were likely to succeed on their claim that the state court order was inconsistent with those terms and thus failed to satisfy the requirements set forth in Section 206 of ERISA to qualify as a QDRO. After further concluding that the plaintiffs would suffer irreparable injury absent an injunction, the court entered an order enjoining Mr. Lewis from taking any action to enforce the state court order while the federal action was pending. *Id*. at *10.

In short, this Court concludes that ERISA's provisions over which the federal courts are granted exclusive jurisdiction can be given their intended scope even if the state court evidentiary hearing is allowed to proceed. As such, the Court finds that there is no exception to the Anti-Injunction Act's "absolute prohibition against enjoining state court proceedings."

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Injunctive Relief to Stay State Court Evidentiary Hearing is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

these statements, such as plan documents informing the Court of its terms. For this reason, the Court also believes that the Fund has not demonstrated a likelihood of success on the merits of its claim(s).